IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 3:85-CR-45-BO(1)

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's "Motion for His Direct Appeal Rights" and Respondent's Motion to Dismiss. Petitioner's Motion is DISMISSED and Respondent's Motion is GRANTED.

## BACKGROUND

On January 20, 1987, Petitioner pled guilty to first degree murder. On May 13, 1987, Defendant was sentenced to a life term. Over the past two decades, Petitioner has filed several motions attacking his sentence and conviction under 28 U.S.C. § 2255. All of these motions and appeals have been dismissed. On October 12, 2010, Petitioner filed this present motion for his direct appeal rights.

## DISCUSSION

The Court characterizes this motion as a successive § 2255 petition and dismisses the motion for lack of jurisdiction.

The Fourth Circuit has held that courts must classify pro se pleadings from prisoners according to their contents, regardless of the label given in the caption. See, e.g., U.S. v.

Blackstock 513 F.3d 128, 131 (4th Cir 2008). Here, Petitioner's Motion requests that the Court grant him the right to file a direct appeal so that he can attack his conviction, his sentence, or both. Although Petitioner couched the present pleading as a motion for direct appeal rights, his motion seeks post-conviction relief. Thus, the Court characterizes the motion as a § 2255 petition.

## Lack of Jurisdiction

The Court lacks jurisdiction to hear Petitioner's successive § 2255 motion for several reasons, one being that the statute of limitations for Petitioner to file a § 2255 motion has long expired.

A petitioner has one year to file a motion challenging his conviction or sentence from "the date on which the judgment became final." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001); see 28 U.S.C. § 2255(f). The date for Petitioner to file a § 2255 expired in 1988. Therefore, the Petitioner's § 2255 petition is dismissed as untimely.

The Court emphasizes that it will not consider any more § 2255 petitions from Petitioner.

## CONCLUSION

Petitioner Motion is DISMISSED and Respondent's Motion is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists

would not find this dismissal debatable, a certificate of appealability is DENIED.


SO ORDERED, this __24__ day of January, 2011.

                                                         TERRENCE W. BOYLE
                                                        UNITED STATES DISTRICT JUDGE