IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION

NO. 3:85-CR-45-BO-1

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner Latchmie Toolasprashad's request for a hearing and reopening of his case based on newly discovered evidence and motion for appointment of counsel or amicus. The government has moved to dismiss petitioner's motions pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

On January 20, 1987, Mr. Toolasprashad pleaded guilty to first degree murder. On May 13, 1987, he was sentenced to a life term. Over the past two decades, Mr. Toolasprashad has filed several motions attacking his sentence and conviction under 28 U.S.C. § 2255. All of these motions and appeals have been dismissed. On October 2, 2012, Mr. Toolasprashad filed the instant petition related to newly discovered evidence.

## DISCUSSION

The relief that is requested in petitioner's motion for rehearing is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *United States v. Winestock*, 340 F.3d

200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motions, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of pre-filing authorization from the court of appeals. Mr. Toolasprashad is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the petitioner is not entitled to relief and the United States is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Because Mr. Toolasprashad's Motion is construed as a second or successive petition pursuant to § 2255, the requested relief cannot be granted. Therefore, petitioner's request for a hearing and reopening of his case based on newly discovered evidence [DE 66] and motion for

appointment of counsel or an amicus [DE 65] are DENIED. Because petitioner's motion contains copies of confidential medical information, his motion to seal exhibits one and two [DE 67] is GRANTED. The government's motion to dismiss [DE 69] is GRANTED and a certificate of appealability is DENIED.

SO ORDERED, this 29 day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE